# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Eicher Motors Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22-cv-2458 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| The Individuals, Corporations, Limited | ) | |
| Liability Companies, Partnerships, and | ) | |
| Unincorporated Associations Identified on | ) | |
| Schedule A Hereto, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eicher Motors Ltd. ("Eicher") brought this suit under the Lanham Act, 15 U.S.C. § 1051 et seq., and Illinois law against three defendants who allegedly operate marketplaces on Amazon.com's online platform. *See* Am. Compl., ECF No. 20; Am. Schedule A, ECF No. 21. Eicher alleges that the defendants, whose identities are presently sealed, sell counterfeit products that infringe Eicher's registered trademarks concerning its ROYAL ENFIELD motorcycle brand. *See* Am. Compl. ¶¶ 7–12, 21. The court has before it Eicher's renewed *ex parte* motion for a temporary restraining order ("TRO") that would, among other things, freeze defendants' assets. ECF No. 30. Although Eicher did not serve its TRO motion upon defendants, it gave notice to third party Amazon.com, Inc. ("Amazon"). *See* ECF No. 32. Amazon has filed a limited objection to the proposed TRO, ECF No. 38, and Eicher has replied, ECF No. 42.

As an initial housekeeping matter, the court grants Eicher's motion (ECF No. 29) for leave to file an oversized memorandum of law in support of its renewed motion for a TRO. *See* N.D. Ill. LR 7.1.

Courts in the Seventh Circuit employ the same four-factor balancing test when considering a TRO motion and a motion for a preliminary injunction. *E.g.*, *Troogstad v. City of Chicago*, 571 F. Supp. 3d 901, 907 (N.D. Ill. 2021). To obtain a TRO, Eicher bears the burden to make a threshold showing that (1) it "will suffer irreparable harm in the absence of an injunction," (2) "traditional legal remedies are inadequate to remedy the harm," and (3) it has "some likelihood of success on the merits" of its claims. *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 24 F.4th 640, 644 (7th Cir. 2022). If this threshold showing is made, "[t]he court must then balance the harm the moving parties would suffer if an injunction is denied against the harm the opposing parties would suffer if one is granted, and the court must consider the public interest, which takes into account the effects of a decision on non-parties." *Id.* (citing *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018)).

Amazon's objections concern the following language in Eicher's proposed TRO provided to the court on July 11, 2022:

2.      Upon receipt of actual notice of this Order, the online marketplace platform Amazon (the "Third Party Provider"), . . . .

3.      Defendants shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

4.      The Third Party Provider shall, within ten (10) business days of receipt of this Order:

     a.      Locate all accounts and funds connected to and related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any financial accounts connected to and related to the information listed in Amended Schedule A hereto, the email addresses identified in Exhibit 2 to the Declaration of Darren Ribchester and any email addresses provided for Defendants by third parties; and

     b.      Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

2

Amazon argues that Eicher's request to freeze the three named defendants' assets is moot because their Amazon funds have been frozen by preliminary injunctions issued in other counterfeiting suits. Amazon's Obj. ("Obj.") 7 & n.4, ECF No. 38. Alternatively, Amazon objects to the court making any "factual findings as to Amazon regarding jurisdiction, 'active concert or participation,' or 'agency.'" *Id*. at 2. Any such findings, argues Amazon, would be unnecessary, premature, and unsupported by the record. *Id*. at 2–7. Eicher replies that its TRO motion is not moot and that this court should find that Amazon is defendants' agent, making it appropriate to issue a TRO binding it by name under Rule 65(d)(2)(B) of the Federal Rules of Civil Procedure. Pl.'s Reply to Obj. ("Reply") 1–3, ECF No. 42.

Mootness first: When briefing on the pending motion closed on July 29, 2022, Defendants' Amazon merchant accounts had been frozen by preliminary injunctions entered in pending cases in this district brought by other brand owners. *See* Prelim. Injunction, *Khara Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 22-cv-2766 (N.D. Ill. July 1, 2022) (Ellis, J.); Prelim. Injunction, *Gen. Motors LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 22-cv-2880 (N.D. Ill. July 14, 2022) (Pacold, J.). Eicher argued that an asset freeze is necessary here because the preliminary injunctions in *Khara* and *General Motors* may be vacated or modified. *See* Reply 3. This argument turned out to be prescient. On August 1, 2022, Judge Ellis granted the plaintiffs' motion for default judgment in *Khara* and closed the case. *Khara*, Minute Order, ECF No. 35.

"When relief is possible, a lawsuit is not moot." *Glob. Relief Found., Inc. v. O'Neill*, 315 F.3d 748, 751 (7th Cir. 2002) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998) (other citation omitted)). Amazon argues that issuing an asset freeze here would be duplicative, not impossible. *See* Obj. 7. Accordingly, plaintiff's request for temporary injunctive relief is not moot. *See*

*Glob. Relief*, 315 F.3d at 751; *Cook Cnty v. McAleenan*, 417 F. Supp. 3d 1008, 1030 (N.D. Ill. 2019), *aff'd on other grounds sub nom. Cook Cnty. v. Wolf*, 962 F.3d 208 (7th Cir. 2020). Additionally, now that *Khara* has been closed, an asset freeze as to the defendant also named in that case would not be duplicative.

Although Eicher's request for an asset freeze is not moot, the fact that the freeze would be partially duplicative may properly be considered when balancing the equities. *See McAleenan*, 417 F. Supp. 3d at 1030. Depending on the circumstances, the possibility that another court's preliminary injunction could be vacated or modified sometimes favors awarding duplicative injunctive relief to avoid the possibility of irreparable harm. *Compare id.* (issuing duplicative preliminary injunction for this reason), *with FTC v. Windermere Big Win Int'l, Inc.*, 1999 WL 608715, at *4 (N.D. Ill. Aug. 5, 1999) (declining to freeze defendant's Canadian assets in part because an asset freeze order previously issued by a Canadian court provided the plaintiff "with sufficient assurances that Defendants' Canadian assets will be maintained pending trial").

A preliminary asset freeze cannot be imposed to preserve Eicher's ability to collect any judgment it later obtains. *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999). However, it is proper to freeze defendants' assets to preserve Eicher's right to an equitable accounting of profits from sales of goods infringing its trademarks. *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002); *Lorillard Tobacco Co. v. Montrose Wholesale Candies*, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005) (citations omitted). In this court's experience, TROs, preliminary injunctions, and default judgments imposing, and later dissolving, asset freezes issue rapidly in similar counterfeiting suits with little to no attention paid to whether any other suits are pending involving the seller defendants or whether their assets have been frozen. When, as has happened in *Khara*, a case proceeds to default judgment,

the contents of the defendants' merchant accounts are typically released to the plaintiff to satisfy the judgment, effectively frustrating the ability of other plaintiffs, like Eicher, to obtain an accounting from the seller.  The balance of equities favors freezing defendants' assets to avoid the possibility of this result.  *See McAleenan*, 417 F. Supp. 3d at 1030

Turning to the merits of Amazon's objections, under Rule 65(d)(2)(B), an injunction binds, among others, the "parties' officers, agents, servants, employees, and attorneys."  Amazon urges this court to follow out-of-circuit cases permitting a TRO or preliminary injunction to name parties not named in the complaint, such as Amazon, to give them "notice that they could become liable through Rule 65 if they assist defendants in violating the injunction imposed." Obj. 3 (citing *NML Cap., Ltd. v. Argentina*, 727 F.3d 230, 243 (2d Cir. 2013) (other citation omitted)).  The Seventh Circuit has held that the defendant named in the complaint must be "the sole addressee of the injunction," unless and until a third party "has been served with process and offered the opportunity to say whether it agrees" that is bound to the injunction under Rule 65(d). *Lake Shore Asset Mgmt. Ltd. v. CFTC*, 511 F.3d 762, 766–67 (7th Cir. 2007).  Amazon has received notice of the proposed TRO and an opportunity to be heard on whether it will be bound by it.  Since Amazon does not oppose being named in the proposed TRO for the purpose of notifying it that it could become liable if it assists defendants in violating the TRO, it will be so named.  *See NML Cap.*, 727 F.3d at 243; *United States v. Mercy Reg'l Health Sys., Ltd.*, 2008 WL 695918, at *4 (S.D. Ill. Mar. 13, 2008).

Eicher asks the court to go further and find that Amazon will be bound by the TRO as defendants' agent.  *See* Reply 1–2.  "The party seeking to enforce the terms of an injunction against a third party bears the burden of proving that the third party is within the scope of the injunction."  *Blockowicz v. Williams*, 630 F.3d 563, 567 (7th Cir. 2010) (citing *N.Y. ex rel.*

5

*Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996)). Eicher contends that the bare fact that Amazon provides marketplace-related services (the exact scope of which is unknown to this court) suffices under Rule 65(d)(2)(B) to bind it as defendants' agent. *See* Reply 1–2. "This court has always assumed that defendants have a contractual relationship with companies like PayPal, Amazon, and eBay." *Pow! Ent., LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 2020 WL 5076715, at *2 (N.D. Ill. Aug. 26, 2020) (Gottschall, J.). However, "[a] contractual arrangement between two corporations does not put them in privity for purposes of being bound if the agreement relates to something other than the subject matter of the injunction suit." 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956 & n.49, Westlaw (database updated Apr. 2022) (citations omitted).

The scope of Amazon's contractual relationship with defendants is completely unknown on this record, for no contracts have been filed. Rather, Eicher relies exclusively on the transcript of a preliminary injunction hearing held before Judge Lee concerning whether an online marketplace operator not involved in this case, ContextLogic, Inc. ("Wish"), would be bound by a proposed preliminary injunction in a Lanham Act counterfeiting suit against sellers using Wish's online marketplace. *See* Tr. of Hr'g held Dec. 19, 2019, at 1–4, 19–23, *Kawada Co., Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 19-cv-6838, in this record at ECF No. 31-3. The transcript does not indicate whether Judge Lee had any specific contractual language before him. Regardless, since Amazon was not involved in Judge Lee's case, his analysis of Wish's relationship with other defendants does not carry Eicher's burden here.

Thus, on this record, Eicher has not carried its burden to show the required nexus between the subject matter of Amazon's contracts with defendants and the injunctive relief it requests. This order does not preclude Eicher from attempting to prove at a later stage of this case that Amazon is bound under Rule 65(d)(2).

For the reasons stated, plaintiff's renewed *ex parte* motion for a temporary restraining order is granted in part and denied in part, and Amazon's objections are sustained in part and overruled in part. A temporary restraining order will be issued separately. The TRO will name Amazon for the sole purpose of giving it notice that it may be held liable if it assists defendants in violating the TRO.

Dated: August 3, 2022                                    _____/s/_____

                                                                          Joan B. Gottschall
                                                                          United States District Judge