UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Eicher Motors Limited

    Plaintiff,

v.

The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, et al.

    Defendant.

Case No.: 1:22−cv−02458

Honorable Joan B. Gottschall

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 26, 2022:

    MINUTE entry before the Honorable Joan B. Gottschall: Plaintiff's motion for preliminary injunction [49] and motion to direct the clerk to issue a single summons [52] are denied without prejudice. Plaintiff seeks to serve the summons by electronic means, but plaintiff has neither sought nor obtained leave under Fed. R. Civ. P. 4(f)(3) to serve the summons and complaint by electronic means. As this court has ruled in numerous Lanham Act suits against online sellers brought by plaintiff#039;s attorneys, to demonstrate that the Hague Convention is inapplicable, the plaintiff must show that the defendants' physical addresses could not be located after a reasonably diligent search. See NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A", 549 F. Supp. 3d 790, 795–96 (N.D. Ill. 2021), aff'd on other grounds sub nom. NBA Props., Inc. v. HANWJH, 2022 WL 3367823 (7th Cir. Aug. 16, 2022); Luxottica Grp. S.P.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A", 391 F. Supp. 3d 816, 821–24 (N.D. Ill. 2019). Plaintiff cites no new binding authority contravening this court's rulings and has provided no evidence of defendants' mailing addresses on file with Amazon.com, Inc., or evidence of what, if any, efforts they have undertaken to determine whether those addresses are valid. Such evidence is typically provided at the preliminary injunction stage in these kinds of cases. Furthermore, plaintiff represents that it seeking the same relief as it did at the temporary restraining order ("TRO") stage, but the TRO did not award relief similar to paragraphs three and four of plaintiff's proposed form of preliminary injunction emailed to the court on 8/25/2022. Proposed paragraph three, requiring domain name registrars to disable defendants' domains, does not appear to be necessary because defendants have not been represented to own any domain names. If plaintiff wishes the court to enter proposed paragraphs three and four, it must provide a legal justification for issuing both paragraphs without notice to the unserved third parties named in those paragraphs. Because no preliminary injunction hearing has been requested by the deadline [48], the hearing set for 8/31/2022 is stricken. Plaintiff has until and including 8/30/2022 to refile its motions and make the showings required by the Hague Convention and this minute order. Mailed notice(mjc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.